## Commonwealth v. Kelley

*Frank Bach, deputy attorney general,* for the commonwealth.
*Frederick D. Lingle,* for defendant.

BROWN, *P.J.,* July 7, 1987 — This is a license suspension appeal wherein defendant was notified by the department of a 90-day suspension of her operator's privileges as well as a similar period of suspension for her vehicle registration based upon failure to maintain financial responsibility on her motor vehicle at the time of an accident on November 28, 1986. The applicable law about which there is no disagreement involves section 1785 of the Vehicle Code, which requires a suspension for any operator who fails to maintain financial responsibility on a motor vehicle at the time of an accident which needs to be reported under section 3746 of the Vehicle Code.

Section 3746 requires the investigation of an accident by a duly authorized police department if the accident involves injury or death to any person. The present accident apparently did not cause injury or death. Such an investigation is also required though when there has been damage to any vehicle involved to the extent that it cannot be driven away under its own power in its customary manner without further damage or hazard to the vehicle, other

traffic elements, or the roadway, and therefor requires towing. The accident report submitted by the police officer indicated that the vehicle had damage to the extent that it required towing. Defendant has taken the position that while the vehicle was damaged it was not serious enough that the vehicle could not be driven away under its own power and that while it was towed away it was not because the vehicle was so disabled that it could not be driven.

At the time of the hearing on defendant's appeal the only evidence presented was the commonwealth documents which were certified under the provisions of 42 Pa.C.S. §6103 and §6109. Defendant objected to exhibit numbers 3, 3A and 4A with respect to any hearsay allegations in those exhibits. Exhibit 3, 3A and 4 were the police accident report submitted by the investigating officer which stated that defendant's vehicle was in fact towed away from the accident scene. The commonwealth presented no other evidence. Defendant who was not present likewise presented no evidence but appeared through counsel.

In the absence of any other evidence the hearsay issue raised by defendant appears to be deterministic of the outcome of the case. Neither side has cited any appellate authority dealing with the issue. The commonwealth's position is that under section 6104 of the Judicial Code, the documents in question are admissible as an exception to the hearsay rule. Two trial-level opinions have been cited. The first is *Richard Lee Aument v. Commonwealth of Pennsylvania Department of Transportation, Bureau of Traffic Safety* (1985). The second is *Harrison John Rodkey v. Bureau of Driver Licensing, Department of Transportation, Commonwealth of Pennsylvania* (1986). In both of these cases the accident report was admitted into evidence to show

that the accident was a reportable accident under section 3746 and that the appellant was uninsured at the time of the accident. The reasoning in both cases is persuasive. Without any other authority to the contrary, the court is inclined to accept the commonwealth's position. Defendant's appeal will be dismissed and the suspension reinstated.

## ORDER

And now, July 7, 1987, based upon the foregoing opinion, it is hereby ordered that defendant's appeal be dismissed and that the secretary reinstate the suspensions which are the subject matter of the within appeal.